Matter of Macelus (2024 NY Slip Op 06045)

Matter of Macelus

2024 NY Slip Op 06045

Decided on December 4, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
JOSEPH J. MALTESE, JJ.

2021-05960

[*1]In the Matter of Edwyn D. Macelus, admitted as Edwyn David Macelus, a suspended attorney. (Attorney Registration No. 5255807)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 17, 2014, under the name Edwyn David Macelus. By opinion and order of this Court dated June 15, 2022, the respondent was suspended from the practice of law in the State of New York, effective immediately, based upon the misconduct underlying the interim discipline imposed by an order of the Supreme Court of New Jersey filed July 18, 2019. By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey dated May 2, 2023, imposing final discipline.

Courtny Osterling, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Schumann Hanlon Margulies, LLC, Roslyn Heights, NY (Robert E. Margulies of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
By order dated May 2, 2023, the Supreme Court of New Jersey disbarred the respondent based upon a finding that the respondent knowingly misappropriated client funds, failed to promptly deliver funds to a third party, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rules 1.15(a) and (b) and 8.4(c) of the New Jersey Rules of Professional Conduct.
The New Jersey Proceeding
According to a decision of the Supreme Court of New Jersey Disciplinary Review Board (hereinafter the DRB) dated September 12, 2022, in 2017, Atlandtis Everett retained the respondent when Everett's bank account was subject to garnishment in connection with a medical bill in the amount of $11,493.43 that Everett owed to South Orange Chiropractic Center (hereinafter SOCC). On February 24, 2017, Everett's health insurance company issued two checks totaling $8,476.36. The checks were made payable to SOCC and sent to the respondent. Everett instructed the respondent to deposit the checks into the respondent's escrow account and to try to negotiate a reduction of the medical bill to an amount below $8,476.36 so that Everett could apply the remaining funds to his other debts, although it was unclear that Everett would be entitled to the excess insurance proceeds.
On March 8, 2017, the respondent deposited the two checks made payable to SOCC into his escrow account. He claimed that he had the verbal permission to do so from a paralegal employed by SOCC's law firm. Prior to the deposit of these checks, the respondent had $2.26 in his escrow account. At the respondent's disciplinary hearing, he acknowledged that after depositing the two checks, "almost every penny" in his escrow account belonged to SOCC. Yet, on March 9, 2017, [*2]the respondent withdrew $500 from the escrow account. The respondent claimed that the paralegal employed by SOCC's law firm gave him permission to withdraw $500 to pay Everett, and that he withdrew the $500 in order to issue a cashier's check to Everett. The respondent failed to provide any documentation to support these claims. The paralegal testified at the disciplinary hearing and stated that she never would have authorized the respondent to disburse SOCC's funds because she did not have the authority to do so.
On March 13, 2017, the respondent withdrew $7,900 from his escrow account, thereby reducing the account balance to $78.62. The respondent's signed withdrawal slip indicated that a cashier's check in the amount of $4,500 was to be made for Project M Motors, LLC, a business entity that belonged to the respondent's friend. The respondent claimed that he had no idea why Project M Motors was written on the withdrawal slip, and that it was the bank teller who filled out the slip. However, the respondent explained that when he needed cashier's checks, he would inform the teller exactly who he needed the check for and that the respondent would either write it himself or tell the bank teller orally exactly what he needed. Despite the Project M Motors notation, the respondent testified at the disciplinary hearing that he had used the entire $7,900 to purchase a cashier's check made payable to the law firm representing SOCC in "anticipation" of SOCC accepting $7,900 as settlement of Everett's debt. The respondent claimed that he placed the $7,900 cashier's check in his folder but never used the check because he did not reach a settlement with SOCC. The respondent could not produce a copy of the cashier's check and conceded that the check proceeds were gone and that he did not know what happened to the funds.
On January 11, 2018, the respondent sent SOCC's law firm an offer to settle Everett's debt for $8,476. On January 15, 2018, SOCC's attorney sent the respondent a counteroffer whereby SOCC would accept $8,476 as full payment of Everett's medical debt but would not return the $434.10 it had already garnished from Everett's bank account. Everett rejected the counteroffer and the parties were unable to reach an agreement.
On May 22, 2018, the respondent deposited two checks into his escrow account totaling $2,500 representing a real estate deposit for client James Choice. The next day, the respondent withdrew $2,500 from the escrow account and had a cashier's check for the same amount made payable to himself. On May 23, 2018, the respondent deposited a $6,000 check into his escrow account representing a real estate deposit for another client, Maria Nakal. The next day, the respondent withdrew $6,000 and had a cashier's check for the same amount made payable to himself. The respondent agreed that he should have had about $16,976 in his escrow account for SOCC, Choice, and Nakal, but he only had $.91 after his $6,000 withdrawal. In a stipulation, the respondent agreed that he had invaded Choice and Nakal's funds. At his disciplinary hearing, the respondent testified that he used Choice and Nakal's funds for their intended purposes.
On May 22, 2018, SOCC filed a grievance with the New Jersey Office of Attorney Ethics (hereinafter the OAE). On May 25, 2018, the respondent deposited $5,000 cash into his escrow account, and on May 30, 2018, he made two more cash deposits totaling $3,400. With a wire transfer of $120 from Michelle Padilla (unknown relationship), the respondent's escrow account balance became $8,520.91. On May 30, 2018, the respondent issued a cashier's check to SOCC in the amount of $8,476.36.
The respondent denied knowingly misappropriating client or escrow funds and stated that he negligently mishandled escrow funds due to his inexperience with the recordkeeping requirements. The respondent did not have an operating account for his law firm and used his escrow account as the operating account. He asserted that he did not maintain the required bookkeeping records for his escrow account because he had excellent recall and intelligence, was "pretty good" at remembering the deals and the numbers, and had kept the transactions in his head. After graduating from law school, the respondent worked for Morgan Stanley for two years and then worked for a consulting firm where he assisted financial institutions.
At the disciplinary hearing, the respondent's attorney provided a report from Jacob H. Jacoby, the respondent's treating psychiatrist. Jacoby stated that the respondent suffered from a personality disorder with narcissistic features which impaired his judgement. At the hearing, Jacoby testified that the respondent did not "go by the book." Rather, he went by what he believed should be done and that the world would conform to his perception of what was right or real. According to Jacoby, since treatment, the respondent's condition had improved.
After a de novo review, the DRB concluded that the respondent intentionally misappropriated escrow funds, warranting disbarment. The DRB found that the respondent knew the funds in his escrow account belonged to SOCC, yet he disbursed the funds to Everett, his friend's business, or someone else without SOCC's permission. The respondent deprived SOCC of its funds for over 14 months. The DRB did not credit the respondent's testimony that he received permission [*3]to disburse the funds from a paralegal. The DRB also did not credit the respondent's argument that his poor recordkeeping practices and ignorance of the ethical rules prevented him from knowingly misappropriating SOCC's funds, as the respondent's replenishment of funds into his escrow account right before he issued the cashier's check to SOCC demonstrated that the respondent knew what was happening in his escrow account.
As to Choice and Nakal's funds, the OAE conceded that it provided no evidence that the respondent knowingly misappropriated those funds and since the respondent admitted to the negligent misappropriation, the DRB found negligent misappropriation as to those funds.
After the DRB unanimously recommended disbarring the respondent in its decision dated September 12, 2022, the Supreme Court of New Jersey issued an order to show cause why the respondent should not be disbarred or otherwise disciplined. At oral argument on the order to show cause, the Supreme Court of New Jersey directed the OAE to provide additional bank documents to the court, which it did. By order dated May 2, 2023, the Supreme Court of New Jersey disbarred the respondent permanently.
The New York Proceeding
By letter dated July 20, 2023, the Grievance Committee for the Ninth Judicial District notified this Court that the respondent was disbarred by the Supreme Court of New Jersey. The respondent did not inform the Court or the Grievance Committee of his New Jersey discipline as required by 22 NYCRR 1240.13(d).
By order to show cause dated September 26, 2023, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey dated May 2, 2023, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of the Court, with proof of service upon the Grievance Committee, on or before November 10, 2023. The respondent did not respond to this Court's order to show cause.
By letter dated February 23, 2024, the respondent, through counsel, requests that this Court adjourn the return date of the order to show cause indefinitely pending determination of his motions pending before the Supreme Court of New Jersey to reconsider its order and to supplement the record in the New Jersey disciplinary proceeding.
Findings and Conclusion
Pursuant to 22 NYCRR 1240.13(b), the enumerated defenses to reciprocal discipline are limited to: (1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the respondent's misconduct; or (3) that the misconduct for which the respondent was disciplined in the foreign jurisdiction does not constitute misconduct in New York. The respondent does not assert any of these defenses, and accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of New Jersey.
Regarding the sanction, this Court has found that,
"[i]n reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein. Therefore, when the sanction prescribed by the foreign jurisdiction is not inconsistent with the sanction for similar misconduct in this jurisdiction, the Court should impose the same sanction" (Matter of Megaro, 215 AD3d 67, 84 [internal quotation marks omitted]).
Under the totality of the circumstances, we find that a disbarment is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and MALTESE, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Edwyn D. Macelus, admitted as Edwyn David Macelus, a suspended attorney, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Edwyn D. Macelus, admitted as Edwyn David Macelus, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Edwyn D. Macelus, admitted as Edwyn David Macelus, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Edwyn D. Macelus, admitted as Edwyn David Macelus, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court